MR. JUSTICE HUNT,
dissenting:
I dissent. The Workers’ Compensation Court itself recognized that Wear is disabled and that her disability is attributable to her employment. Even so, the majority denies Wear’s claim by relying on a definition of “injury” that is much too narrow.
The majority holds that the series of minor traumas experienced by Wear over the years fails to satisfy the time definiteness element of a compensable injury. In so doing, the majority ignores Wear’s testimony that her workload had increased immediately before she was forced to leave her employment. Wear worked her last month during the Easter season, a busy period for grocery stores. Furthermore, that Easter, Buttrey Foods experienced a shortage of baggers, requiring Wear to assume the tasks normally completed by those employees in addition to her regular duties.
By disregarding these facts, the majority contravenes our previous decisions in Hoehne v. Granite Lumber Co. (1980), 189 Mont. 221, 615 P.2d 863, and Wise v. Perkins (1983), 202 Mont. 157, 656 P.2d 816. In those cases, we allowed claimants who suffered traumas over the course of time to collect workers’ compensation benefits. There is no distinction between the increased workload undertaken by Wear during her last month of work and the workload of the claimants in Hoehne and Perkins.
There is, however, a great distinction between the traumas that caused Wear’s disability — constant twisting, bending, and lifting — and the inhalation of noxious fumes that led to the claimant’s lung disease in McMahon v. Anaconda Co. (1984), 208 Mont. 482, 678 P.2d 661. The majority’s reliance on McMahon is misplaced.
The majority denies Wear’s claim on the ground that her injury is the result of minor traumas experienced over the years. The major *481 ity’s opinion, however, can easily be circumvented by the knowledgeable claimant. Apparently, if Wear had been able to pinpoint a major trauma, the exact date and time of which she could recall, she would have been able to recover benefits. Perhaps if Wear had been a more sophisticated claimant she would have remembered such an event — a wrenched back ass she crouched to pick up a bag of potatoes, a pulled muscle as she lifted a sack of flour, a sharp pain as she stooped to retrieve change from the cash drawer. Unfortunately for Wear, she was not so enlightened. This opinion punishes her for her honesty and naivete.
The purpose of workers’ compensation is to provide benefits for employees who have been injured on the job. Joy Wear is such an employee. Yet the technical definition of injury in today’s decision denies her the benefits she so justly deserves.